NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRACIELA MANZO VALLADARES; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   21-70621

Agency Nos.   A216-182-442
A216-182-443
A216-182-444
A216-182-445

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Graciela Manzo Valladares (Manzo), on behalf of herself and her three minor children, natives and citizens of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and remand in part, based on the government's unopposed motion to remand to the BIA for further proceedings.

1.     Manzo argues that the immigration court lacked jurisdiction to enter a removal order because the Notice to Appear (NTA) she received did not contain the location, date, and time of her removal hearing. This argument fails under circuit precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) ("[D]efects in an NTA . . . have no bearing on an immigration court's adjudicatory authority."). With respect to this claim, we deny the petition for review.

2.     As to the other claims, the government has filed an unopposed motion to remand this case to the BIA so that the BIA may consider our recent decision in *Umana-Escobar v. Garland*, 62 F.4th 1223 (9th Cir. 2023), which holds that "the BIA must review de novo whether a persecutor's motives meet the nexus legal standards." *Id.* at 1231. We grant the government's motion and remand to the BIA. Per the unopposed motion, the parties shall bear their own costs and expenses, and petitioners' removal shall be stayed pending the BIA's decision.

**PETITION DENIED IN PART; REMANDED IN PART.**